### Basil C. Emery vs. Stanwood E. Fisher.

York County. Decided October 30, 1930. When this case was here for the second time, this being the third time, the verdict which the jury had returned for the plaintiff was set aside and a new trial granted. 128 Me., 453.

At the new trial, on the close of all the evidence, counsel for the defendant moved the presiding Justice to order, and the Justice ordered a verdict for the defendant. Opposing counsel saved an exception.

When, for the reason that the jury verdict is contrary to evidence, or against the weight of the evidence, the Law Court sets the verdict aside and grants another trial, the decision of the appellate tribunal becomes the law of the case to be followed by the trial court on the new trial, unless the facts appearing on such trial are essentially different from those which were before the Law Court when it rendered its decision.

The defendant, a Portland surgeon, was called to Biddeford to remove the tonsils of the plaintiff, which defendant did, attended by assistants and nurses, on January 6, 1927.

While, preliminarily to operating on his tonsils, plaintiff was being etherized, his body became blue and rigid, due to insufficient aeration of his blood. In this emergency, defendant inserted in the mouth of plaintiff, to open it, and keep it open while breathing was being restored, a mechanical appliance which witnesses and counsel alike call a mouth gag.

This appliance consisted of two steel prongs with handles, movable on a pin, by which they were held together. A rubber tube, about two inches long, encircled each prong, to protect the teeth of the patient in case of use of the appliance to pry open his jaw.

Cyanosis overcome, more ether was administered, and tonsillotomy begun.

One of the tubes was missing, but how it had become detached from its prong, or where it was, was not known.

The tube was in a subdivision of the windpipe of the plaintiff. Eleven days later, in a Massachusetts institution to which defendant had taken plaintiff, the tube was removed from his bronchus.

Plaintiff contends that defendant was unskillful and actionably negligent, (1) in selecting a mouth gag which, whatever it may originally have been, was then an unsuitable instrument; (2) in his inspection and "preparation" and use of the instrument; (3) in failure to make a proper diagnosis after the tubing was lost.

Viewing the evidence in the light most favorable for plaintiff, there is nothing to warrant finding that the defendant did not possess that reasonable degree of learning and skill which others of his profession ordinarily possessed in the vicinity.

The weight of proof, on previous review by this court of the

evidence, did not establish any failure by the defendant to exercise his skill and apply his knowledge to the case.

The evidence on the last trial did not differ essentially from that on the immediately preceding trial, either in weight or in proving new facts. Therefore, the verdict for the defendant was properly directed. Exception overruled. *Homer T. Waterhouse, Hiram Willard, Cecil J. Siddall,* for plaintiff. *Locke, Perkins & Williamson,* for defendant.